Rockingham, } No. 3596.
June 27, 1946. }

PHOENIX INDEMNITY COMPANY *v.* EDWARD J. CONWELL & *a.*

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff.

*Frank E. Blackburn,* for the defendant Edward J. Conwell, submitted no brief.

*Arthur J. Reinhart* (by brief and orally), for the defendant administratrix.

JOHNSTON, J.  The defendants claim coverage by reason of the wording of R. L., *c.* 122, *s.* 1, *par.* VII, *cl.* (b) defining the term, motor vehicle liability policy, so that it provides further for protection to the named insured for liability "due to the operation of any motor vehicle . . . not owned in whole or in part by such insured, . . . " Similar language is found in the wording of the New Hampshire

statutory motor vehicle liability policy endorsement attached to the policy of the defendant Conwell, although this and other language of the policy (article VIII) attempt to limit the coverage to the period while the insured is the owner of the described automobile.

Although the insured had ceased to be the owner of the automobile described in the policy, it is said that coverage is established by virtue of paragraph III of section 16 of chapter 122 of the Revised Laws, which is a required provision of every motor vehicle liability policy written in New Hampshire with respect to accidents that occur in this state. This paragraph III is as follows: "With respect to accidents which occur in this state and subject to the minimum limits of liability validly made under the authority of paragraph VII of section 1 of this chapter the policy is to be interpreted with reference hereto and the liability of the company under the policy shall thereby become absolute upon the occurrence of such an accident; no statement made by the insured or on his behalf, and no violation of exclusions, conditions, other terms, or language contained in the policy, and no unauthorized or unlawful use of the vehicle except as provided in paragraph VI of this section, whether or not a premium charge has been made and paid, shall operate to defeat or avoid the policy so as to bar recovery for such accidents within said limits of liability." The position of the defendants is that language of the policy may be used to establish coverage but that none may be used to defeat or avoid it so far as the injured person is concerned during the term for which the policy is written unless said policy is cancelled by mutual agreement.

If this position is correct, this paragraph III, which in its present form appeared first in chapter 198 of the Laws of 1941, is radically changed from the meaning of the amended statute. Laws 1937, *c.* 161, *s.* 17, *par.* III is as follows: "No statement made by the insured or on his behalf, and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy." This has been held to prevent lack of coverage by such conduct of the insured as failure to give notice (*Merchants &c. Co.* v. *Egan*, 91 N. H. 368), or failure to cooperate (*Continental Ins. Co.* v. *Charest*, 91 N. H. 378). "Violation" was given its usual meaning of "infringement; transgression or non-observance; . . . " Funk & Wagnalls, New Standard Dictionary.

It is apparent that with the 1941 amendment, the word "violation" no longer is limited to the meaning of a transgression by the insured of something forbidden or required. An exclusion is not something

forbidden or required. It is simply a limit of coverage. Certain coverage is either included or excluded. "Violation" refers to no conduct of the insured. "No violation of exclusions" means nothing more than "no exclusions." Similarly, the words "no violation of ... conditions" mean nothing more than no absence of conditions precedent or existence of conditions subsequent. In other words, the idea of wrongful conduct on the part of the insured as defeating the policy has been abandoned for the more general concept that no exclusions, conditions, other terms or language contained in the policy shall operate to defeat or avoid it so as to bar recovery for accidents. The present policy cannot be avoided or defeated by terms or language relating to or providing for the insured's ownership of the described automobile.

This broad meaning of R. L., c. 122, s. 16, *par*. III, as to the coverage for injured persons is supported by the earlier phrase in the same paragraph: "The liability of the company under the policy shall thereby become absolute upon the occurrence of such an accident." The same comprehensive word "absolute" is used in paragraph I of the same section: "The liability of any company under a motor vehicle liability policy shall become absolute whenever loss or damage covered by said policy occurs, ... "

Since the defendant Conwell's policy had not expired or been cancelled at the time of the accident and since it provided coverage for his operation of other motor vehicles including the one involved in the accident, the defendants are entitled to a declaratory judgment in their favor.

*Judgment for the defendants.*

All concurred.