### BYRD v. AMERICAN GUARANTEE AND LIABILITY INS. CO.

#### Civ. Action No. 922.

United States District Court
E. D. Virginia, Norfolk D.
July 19, 1949.

Louis B. Fine, Norfolk, Va., for plaintiff.

Tazewell Taylor, Jr., Norfolk, Va., I. W. Jacobs, Norfolk, Va., for defendant.

BRYAN, District Judge.

By its motion for summary judgment the defendant raises the question whether a policy of automobile liability insurance, issued by the defendant to one Hubert C. Williams, is answerable to a judgment heretofore obtained by the present plaintiff against Williams and his companion Horace Pugh Heath. The defendant says that at the time of the liability-incident, upon which the judgment was entered, Williams was not the owner of the car covered by the policy and was therefore not insured under its terms.

A chronology of the controlling events follows:

September 30, 1944 car titled in State of Virginia in name of Hubert C. Williams.

January 22, 1946 issuance of policy, for period of one year, to Williams upon this car.

November 9, 1946 car sold, and title to car assigned, by Williams to Heath.

November 9, 1946 assignment of title to Heath received in Norfolk office of Division of Motor Vehicles of Virginia.

November 9, 1946 State license for 1946 for this car issued to Heath.

December 6, 1946 while driven and occupied by Heath alone, the car collided in Virginia with truck carrying plaintiff's intestate, and caused the death of plaintiff's intestate.

December 16, 1946 new title certificate for car issued in name of Heath by Division of Motor Vehicles.

January 3, 1947 action begun in State court of Virginia by plaintiff against Williams, Heath and others to recover for death of plaintiff's intestate.

January 14, 1947 policy cancelled by defendant on notice to Williams.

January 20, 1947 entire premium returned to, and accepted by, Williams.

July 2, 1947 judgment for $15,000 in State court action entered for plaintiff against Williams and Heath, neither of whom had appeared to contest the action, allegation in action being that car was owned by Williams and driven by Heath with consent of Williams.

February 21, 1949 present action begun to recover from the defendant $10,000, the face amount of the policy, upon the State court judgment.

A concession in the case is that the policy was never transferred to Heath, that no request was made of the defendant to do so, and that at the time of the accident the defendant had no notice of any kind of the assignment of the car by Williams to Heath.

The policy embraces person and property coverages, designated as A and B, respectively. We are concerned only with A which reads:

"A. Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

As already explained, Hubert C. Williams is the name insured and the instant car, a Ford coupe used for "business and pleasure" is the only automobile described or mentioned in the policy. It defines insured as follows:

"III. Definition of 'Insured'. The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. * * *."

The Court is of the opinion that judgment should go for the defendant, because from the material facts (on which there is no genuine issue), it clearly appears that at the time of the accident neither Williams nor Heath was insured by the defendant's policy, for Williams, the named insured, had parted with the title to the car almost a month previously and Heath had never taken over the policy.

■ Differing with the plaintiff's view, we hold that the protection of the policy was entirely dependent upon ownership by the named insured of the automobile described in the policy. Indemnity was promised against liability whether the car was in the use of the owner or of another with his consent, but only so long as its ownership was vested in the person whose name was inscribed in the policy as the insured. There was no insurance separate and distinct from the ownership of the car. The named insured was insured only as owner of the car mentioned, and the coverage of those using it with his permission was likewise restricted to the period of his ownership. Cf. Clarke v. Harleysville Mutual Casualty Co., 4 Cir., 123 F.2d 499.

The terms of the policy manifest no other intention. The use safeguarded, it is stated throughout the policy, is exclu-

sively and solely a use consented to by the named insured, that is, only his use or his permittee's use. Obviously, when ownership ceased in the insured, no use thereafter was by his "consent".

Clause VIII of the policy stipulates: "This policy applies only to accidents * * * while the automobile * * * is owned, maintained and used for the purposes stated as applicable thereto in the declarations."

This proves that ownership of the car is essential to the applicability of the indemnifying covenants of the policy.

Contrary to plaintiff's view, the policy's provision (clause V) extending coverage to the named insured while using another car, corroborates our interpretation of the policy, because such enlarged protection is itself predicated with the ownership by the named insured of the car described in the policy. With emphasis added, Clause V. reads:

"V. Use of Other Automobiles. Such insurance as is afforded by this policy for bodily injury liability and for property damage liability *with respect to the automobile classified as 'pleasure and business'* applies

"(1) to the named insured, if an individual and the *owner of such automobile,* or if husband and wife either or both of whom own such automobile, and

"(2) to the spouse of such individual if a resident of the same household, to the employer of such named insured or spouse and to the parent or guardian of such named insured or spouse, if a minor,

"as insured, with respect to the use of any other automobile by or in behalf of such named insured or spouse."

Again, there is Clause VI. granting protection during the "Temporary Use of Substitute Automobile". This indemnity feature is effective only while the described automobile is withdrawn from use temporarily, but clearly requires continuing ownership by the named insured as a condition to continuing protection. It accentuates the inseparability of the policy from the car, by declaring that "such insurance as is afforded by this policy *with respect*

*to such automobile* applies with respect to another automobile *not so owned* while temporarily used as the substitute for such automobile."

Indeed, the inclusion of the provisions for protection to the insured while using other or substitute cars ousts the suggestion that coverage of the policy is independent of the ownership of the described car; if it were, there would be no reason to insert these provisions in the policy.

■ Va.Code section 4326a, relied on by the plaintiff, does not lead to a different conclusion. As far as pertinent, that statute commands insertion in every such policy of a stipulation, commonly known as the omnibus clause, that its protection shall embrace liability arising from the operation of the car by any and all persons using the automobile with the permission of the owner. As expounded by Judge Dobie in Clarke v. Harleysville Mutual Casualty Co., 4 Cir., 123 F.2d 499, supra, this clause applies only to ownership-policies. Therefore, to invoke it is to concede that the policy has viability only so long as the ownership of the car is in the named insured. But we think the statute adds nothing to our case because the present policy contains similar terms.

■ Similarly, sec. 2154(a7), Va.Code, as amended, has no application here. It defines the conditions of an operator's policy under the Motor Vehicle Safety Responsibility Act. That act recognizes also an owner's policy, such as the instant policy, and insists on no stipulations other than those now found in the latter. Indeed, sec. 2154(a6) affirms the view that an owner's policy is dependent upon ownership of the vehicles described in it.

Phoenix Indemnity Co. v. Conwell, 94 N.H. 146, 47 A.2d 827, 1 A.L.R.2d 819 was decided on a statute having no analogue in Virginia. We cannot give it the force urged for it by the plaintiff.

■ Nor, as against the defendant here, is the State court judgment an adjudication that, at the time of the accident, the car was owned by Williams and was with his consent driven by Heath. The question there was liability to the plaintiff for negli-

gence; the question here is whether the defendants were in fact insured. Thus the issues were not the same. Moreover, the present respondent did not defend, nor was it given notice to defend, the suit in the State Court. Aetna Life Ins. Co. of Hartford, Conn., v. Maxwell, 4 Cir., 89 F.2d 988, 991; State Farm Mut. Automobile Ins. Co. v. Coughran, 303 U.S. 485, 492, 58 S.Ct. 670, 82 L.Ed. 970.

An order will be entered sustaining the defendant's motion for summary judgment and dismissing this action at the cost of the plaintiff.