DORÉ, Judge.
On November 8, 1948 plaintiff took out a collision policy with the defendant company, covering an International truck and trailer tank. The policy set forth that the vehicle was to be used for commercial purposes, transporting gasoline, and had a $50 deductible provision. In addition to the usual features of collision policies it contained a “Territorial Limitation” rider reading as follows: “In consideration of the premium at which this policy is written, it is agreed that the regular and frequent use of the commercial automobile is and will be confined during the policy period to the territory within a fifty (50) mile radius of Winnsboro, Louisiana; that no regular or frequent trips are or will be made during the policy to any location beyond the territorial limit shown above; that the named insured does not and will not during the policy period advertise or solicit the hauling of goods, materials or commodities to a location beyond the territorial limits shown above * *
Plaintiff’s business headquarters were at Winnsboro, Louisiana. His petition alleges that on November 16, 1948 while the truck and trailer were on their way to New Orleans for the purpose of having the trailer *44 tank calibrated, the track and tank were damaged in an accident that occurred about six miles north of St. Francisville, Louisiana, the damages amounting to $780.46. It further alleges that the trip to New Orleans was admittedly outside the 50-mile radius designated in the policy rider, but that the trip was not a regular or frequent trip and so the policy should cover the damage sustained.
Defendant filed an exception of No- Cause .and No Right of Action, setting out therein that defendant breached his policy contract by making regular and ifrequent trips outside the 50-mile limit stipulated in the policy rider, and that since the damage sued for occurred beyond the radius limit set in the policy it was not covered by the policy. This exception was tried on May 24, 1950 and at that time testimony of plaintiff was introduced which showed that prior to the accident the truck was used quite frequently on trips between Winns-boro and Shreveport, Louisiana (more than 50 miles apart); that the trip to New Orleans was the track’s first trip to that destination in three years; and that the Parish of West Feliciana, where the accident occurred, is more than 50 miles from Winns-boro.
Part of plaintiff’s testimony was as follows :
On cross-examination:
“Q. Did you not use this truck some 17 times a month, between Shreveport and Winnsboro, Louisiana, prior to the time this accident happened? A. It would vary sometimes between 5 and 15 times a month.
* * * * * *
“Q. You know that a radius limitation greater than 50 miles costs more, do you not? A. I do, but they would not insure me.”
On examination by counsel for plaintiff:
“Q. What percentage, Mr. Baldwin, of the total operation is within 50 miles of Winnsboro? A. I would say 75 per cent.
******
“Q. What per cent of time did this truck make within 50 miles of Winnsoboro? A. As a general rule my source of supply at that time was further than 50 miles.
“Q. Would you say this damaged truck used 25% of time making trips further than 50 miles from Winnsboro? A. Yes sir.”
On August 7, 1950 defendant’s exception was overruled, and on August 12th defendant filed an answer which amounted to a general denial and siet up, further, that the track was used regularly and frequently on hauls beyond the 50 mile radius from Winnsboro, that the accident occurred beyond the 50 mile radius, and that the policy was therefore not effective. Without any additional evidence being submitted, judgment was rendered and signed on May 4, 1951 in favor of plaintiff and against defendant for the $780.46 sued for, plus legal interest and costs. Defendant appealed sus-pensively.
In his brief before this court plaintiff cites two cases: Kindred v. Pacific Automobile Ins. Co., 10 Cal.2d 463, 75 P.2d 69; Bandy v. East & West Ins. Co., Mo.App., 163 S.W.2d 350. Defendant cited the same two cases and two additional ones: McCoy v. Elliott, D.C.Fla.1947, 72 F.Supp. 790; American Indemnity Co. v. Carney, D.C. Mo., 54 F.Supp. 273. In each of these four cases policies were involved that contained radius limitation clauses similar- to that in the present case. In the three latter cases the evidence did not show that the vehicles were used for “regular and frequent” trips outside the limited radius so the policy in each instance was held to cover the particular collision. But the court found in the Kindred case that the truck involved had, prior to and at the time of the accident, been regularly and constantly used outside the stipulated radius and since it was outside that radius at the time of the accident there was no coverage. The courts in all of these cases stated that where the vehicle is used regularly and frequently beyond the agreed radius there is no coverage under the policy, the deciding factor being what constituted regular and frequent use beyond the territorial limits.
In the present case plaintiff’s testimony shows that the truck was being used for frequent and regular trips beyond the territorial limits fixed in the policy, contrary to the terms of the policy. But' plaintiff argues that the particular trip on which the *45 damage occurred was a rare and not a regular or frequent trip; that while he may have made frequent trips to another destination outside the fixed radius he rarely went to New Orleans; and therefore the accident that occurred on the trip to New Orleans should he covered.
This court knows of no case, either from Louisiana or from any other jurisdiction, that deals with the specific question raised here. However, a comment found in Ap-pleman, Insurance Law and Practice, Vol. 7, § 4294, is very interesting in connection with the question. That authority says: “ * * * It should' be noted * * * that the courts generally take a more liberal construction of a provision describing the place of principal use and garaging when liability questions arise than when the matter arises upon claim being made by the insured personally for damage to the vehicle. The reason seems to be that the court is reluctant to avoid liability to injured third persons upon such a ground, regarding the contracts to be ■ somewhat in the nature of third party beneficiary agreements, whereas they do not hesitate to uphold the provision where it arises between the immediate parties to the contract.”
Without taking Appleman’s statement as a necessary guide we nevertheless reach the same conclusion here that his statement would lead to, for we feel that where it is shown that the vehicle is used regularly and frequently outside the contract, as it ■was here, then the direction of any one particular trip is immaterial, as is also the purpose of the trip. If the use outside the radius limitation has been regular and frequent then we hold that the policy is suspended during each of these extended trips in so far as travel outside the radius limitation is concerned; in other words, the policy provisions gave him the privilege of making occasional trips outside of the limitation but when he started making regular trips outside of the limitations he then forfeited the right to make occasional trips and he, in this case, violated the provisions of the policy and defendant is not liable thereunder.
For these reasons the judgment of the lower court is reversed, and judgment is rendered rejecting plaintiff’s demands at his cost.