308 So.2d 391 (1975)
Clarence CROCKETT
v.
Harvie COLLINS and Manchester Insurance and Indemnity Co.
Jimmy Lee WILLIAMS and Rose Marie Williams
v.
Harvie COLLINS and Manchester Insurance and Indemnity Co.
Nos. 10115, 10116.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
James R. Coxe, III, Baton Rouge, for plaintiffs-appellants.
Neil H. Mixon, Jr., Baton Rouge, for defendants-appellees.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
These companion cases, consolidated for trial and appeal, arise out of a single automobile accident which occurred when a 1955 Oldsmobile, operated by Harvie Collins, struck the rearend of a 1967 Cadillac automobile owned by Clarence Crockett and operated by Jimmy Lee Williams.
In case number 10,115, plaintiff, Clarence Crockett, seeks to recover from defendant, *392 Harvie Collins, for property damage to his 1967 Cadillac automobile. In case number 10,116, plaintiffs, Jimmy Lee Williams and Rose Marie Williams, seek to recover from Harvie Collins for medical expenses and personal injuries suffered by Mrs. Williams. Also named as defendant was Manchester Insurance and Indemnity Company, insuror of Harvie Collins.
The facts stipulated to by counsel are as follows: On December 25, 1972, a 1967 Cadillac automobile owned by Clarence Crockett and being operated by Jimmy Lee Williams was struck from the rear by a 1955 Oldsmobile owned and operated by Harvie Collins. Plaintiff, Rose Marie Williams, who was in her seventh month of pregnancy, was a guest passenger in the Crockett vehicle and suffered personal injuries which precipitated the premature birth of her child.
The court held that the proximate cause of the accident was the negligence of Harvie Collins in failing to maintain a proper lookout. The court awarded Clarence Crockett the sum of $401.95 for property damages; and awarded plaintiff, Jimmy Lee Williams, the sum of $7.00 for medical expenses incurred by him on behalf of his wife. Mrs. Williams was awarded the sum of $500.00 for her personal injuries and for her mental anguish and concern arising out of the premature birth of her child. The trial court also held that defendant, Manchester Insurance and Indemnity Company, did not provide coverage for the claim brought against Harvie Collins as the driver of the 1955 Oldsmobile, thus, plaintiffs' demands as to this defendant were denied.
The issues of liability and quantum of damages are not questioned by either party. The only question presented is whether the trial court was in error in failing to find coverage under the policy of automobile liability insurance issued to Harvie Collins by Manchester Insurance and Indemnity Company. We think not and affirm the trial court.
In 1971, more than one year prior to the accident, Harvie Collins was convicted of operating a motor vehicle while intoxicated. Accordingly, pursuant to the Financial Responsibility Act, LSA-R.S. 32:891 et seq., Harvie Collins was required to furnish and maintain proof of financial responsibility with respect to all motor vehicles registered in his name. At that time and at the time of the accident, Harvie Collins was the registered owner of one 1955 Oldsmobile.
In 1971, Harvie Collins acquired an automobile liability policy for his 1955 Oldsmobile through Lett Insurance Agency, and the policy was issued by Dixie Auto Insurance Company. Proof of his compliance with the Financial Responsibility Act was made by filing a certificate of insurance (Form SR-22) with the Commissioner.
When that automobile liability policy expired or was about to expire, Harvie Collins sought to acquire liability insurance through the Reggie McFerrin Insurance Agency. At this time Harvie Collins was the registered owner of both the subject 1955 Oldsmobile and a 1966 Chevrolet and he informed the employees of the insurance agency that the 1955 Oldsmobile was not running and was out of service. An automobile liability insurance policy was issued to Collins by Manchester Insurance and Indemnity Company upon the 1966 Chevrolet automobile only. A certificate of insurance for the 1966 Chevrolet was filed with the Commissioner. Apparently the 1955 Oldsmobile was subsequently placed back in service and operated on the highway by Collins.
In the trial court and in this court, plaintiffs assert the novel proposition that the insurance policy issued by Manchester is a mandatory or statutory policy and should be construed to provide coverage for any and all automobiles registered in the name of Harvie Collins. As support for this proposition, plaintiffs point out that the Financial Responsibility Laws require *393 one who is convicted of operating a motor vehicle while intoxicated to provide and maintain proof of financial responsibility with respect to all vehicles owned by that person. Plaintiffs would have us hold that an insurer becomes an insurer of all owned automobiles simply by issuing a policy on one specifically described owned automobile. We do not believe that this was the purpose or the intent of the Financial Responsibility Law. We do not believe that the insurer should be so burdened.
It is clear from the reading of the Financial Responsibility Act that the onus is placed upon the owner to provide and maintain proof of financial responsibility with respect to all automobiles owned by him. He may give this proof of financial responsibility in numerous approved ways, one of which is the purchase of automobile liability coverage and the furnishing to the Commissioner of a certificate of insurance. LSA-R.S. 32:897-32:898. If he fails to comply, his driving privileges are revoked or his registration suspended or revoked. It is also abundantly clear that the owner may meet the requirements of this statute by contracting with one or more insurers. LSA-R.S. 32:900(F). Nowhere in this act can we find language which makes it mandatory that an insurer shall provide coverage for all owned automobiles. True, LSA-R.S. 32:900 states mandatory provisions to be contained in or read into a motor vehicle liability policy issued in compliance with this act, but none of these provisions require the insurer to cover all owned automobiles.
In the instant case, the automobile liability policy issued by Manchester specifically restricted coverage to the owned 1966 Chevrolet. We feel certain that the certificate of insurance furnished to the Commissioner by Manchester was in strict compliance with the statute and that it described all motor vehicles covered by the policy. The 1955 Oldsmobile was not covered, and pursuant to the statute the registration should have been suspended or revoked for the protection of the public. We believe that the trial court correctly held that the motor vehicle liability policy issued by Manchester did not provide coverage of the claim brought against Harvie Collins as the driver of the 1955 Oldsmobile.
We have reviewed the cases cited by plaintiffs, such as Parker v. Interstate Life and Accident Insurance Company, 172 So. 2d 367 (La.App. 4th Cir. 1965), which deal with statutory bonds furnished by contractors on public works and find them to be inapposite. We have also reviewed cases dealing with other statutory bonds and find them to be inapposite. We have also reviewed Kennedy v. Audubon Insurance Company, 82 So.2d 91 (La.App. 1st Cir. 1955), and we do not believe, as do plaintiffs, that this case in any way intimated that a liability policy issued in compliance with the financial responsibility act was a statutory policy similar to statutory bonds issued on behalf of contractors on public works or other similar type bonds.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiffs are to bear all costs of this appeal.
Affirmed.