**LUMBERMENS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Willis A. GRAYSON, Appellee.**

No. 4665.

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1967.

Rehearing Denied Jan. 11, 1968.

Oster & Kaufman, Dallas, for appellant.

Jack Stuart Cole, Norman A. Zable, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from a summary judgment for plaintiff in a suit on an insurance policy.

Plaintiff Grayson sued defendant Insurance Company on a standard liability policy issued by defendant under the Assigned Risk Plan of the State of Texas, to Robert Lewis Vickers. Vickers and plaintiff had a collision, and plaintiff secured a judgment against Vickers for $7500. and $18.20 court costs. Plaintiff then instituted the instant case against defendant Insurance Company on such judgment.

Both plaintiff and defendant moved for summary judgment. The trial court granted plaintiff's motion and entered judgment for plaintiff for $7518.20.

Defendant appeals, contending:

1) The trial court erred in not granting defendant's motion for summary judgment because Vickers, the insured, breached the provision of the policy to forward the suit papers to the Insurance carrier.

2) The trial court erred in entering summary judgment for plaintiff because Vickers had never been involved in a prior accident, and the filing of an SR 22, did not make the policy absolute under the Texas Safety Responsibility Act.

Defendant's 1st contention is that it was entitled to show breach of policy contract by Vickers, who did not notify the insurance carrier of the suit.

Vickers was convicted of driving while intoxicated, and his driver's license was suspended. Thereafter, to obtain a new license Vickers had to make proof of financial responsibility under Section 17, Article IV, Article 6701h, Vernon's Ann. Tex.St. To do so he made application for automobile liability insurance under the Texas Motor Vehicle Assigned Risk Plan. Such application was assigned to defendant Insurance Company, and on October 23, 1963 it filed Form SR 22 with the Texas Department of Public Safety, certifying it had issued Vickers a motor vehicle liability policy as defined in Section 19 of the Safety Responsibility Act.

Thereafter, Vickers had collision with plaintiff. Plaintiff sued Vickers; Vickers failed to notify and forward the suit papers to defendant Insurance Company as required by the policy, and defendant contends such failure to forward the suit papers relieves it of liability under the policy (under the rule announced in Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95).

Article 6701h V.A.T.S., Sec. 17, Texas Safety Responsibility Law, provides that whenever a license is revoked, such license shall not be renewed until the person "shall immediately give and thereafter maintain proof of financial responsibility * * *." Section 19 specifies that "Proof of financial responsibility may be furnished by filing with the Department the written certificate of any insurance company * * * certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility."

And Subsection 3(f) of Section 21 continues:

"1. The liability of the insurance company with respect to the insurance *required* by this Act shall become *absolute* whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy;"

■ We reject defendant's contention. Liability policies required by the Safety Responsibility Act are absolute and are not subject to defenses that the insured breached provisions of the policy. See: 7 Am. Jur.2d 299; National Surety Corp. v. Diggs, Tex.Civ.App. (nre) 272 S.W.2d 604; McCarthy v. Ins. Co. of Tex., Tex.Civ.App. (nwh) 271 S.W.2d 836; Barrella v. Stewart, 228 Md. 378, 179 A.2d 886.

■ Defendant's 2nd contention is that Vickers had not had a prior accident; but secured the defendant's policy under the Safety Responsibility Act because he had been convicted of driving while intoxicated, and that under such circumstances the filing of the SR 22 by the Insurance Company did not make liability under the policy absolute.

We reject the contention.

Article 6701h, Section 17, places persons convicted of driving while intoxicated under the Act just as surely as persons who

have had a "first accident" are placed under the Act by Section 4.

When a person comes under the Act by virtue of either Section 4 (the having of a first accident) or by virtue of (Section 17), suspension of license for driving while intoxicated, and an Insurance Company issues a policy under the Assigned Risk Plan of the State of Texas, and files with the Highway Department an SR 22, liability under the policy becomes absolute. See: Pan American Ins. Co. v. Claunch, Tex.Civ.App. (nwh) 398 S.W.2d 792.

All defendant's points and contentions are overruled.

Affirmed.