**Joe R. VIDAURRI et al., Appellants,**

v.

**MARYLAND CASUALTY COMPANY, Appellee.**

**No. 14772.**

Court of Civil Appeals of Texas.

San Antonio.

July 30, 1969.

Rehearing Denied Sept. 10, 1969.

Robert L. Vale, William M. Porter, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, George M. Spencer, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit to determine coverage of an automobile liability insurance policy under the Texas Assigned Risk Plan, in an accident where a temporary substitute automobile was being used. Appellant Joe R. Vidaurri was involved in an automobile accident with appellant Leandro C. Contreras on October 10, 1965, in Bexar

County, Texas. Suit was filed by Vidaurri against Leandro C. Contreras for damages arising out of such automobile accident. Leandro C. Contreras' insurance carrier, Maryland Casualty Company, declined to defend the suit, contending that there was no insurance coverage under its liability policy issued to Leandro C. Contreras. Contreras retained an attorney to represent him in such suit. Judgment was thereafter obtained by Vidaurri against Leandro C. Contreras in such damage suit in the amount of $1,500. This suit was instituted by appellants, Vidaurri and Contreras, against appellee, Maryland Casualty Company—Vidaurri seeking recovery of his judgment, and Contreras seeking recovery of attorney's fees in the amount of $750.00, paid to his attorney in defending the damage suit. A motion for summary judgment was filed by appellee and a counter motion for summary judgment was filed by appellants. Appellants' counter motion for summary judgment was overruled and judgment entered that appellants take nothing, and appellee's motion for summary judgment was granted.

Leandro C. Contreras lived in Poteet with his mother. A brother, Ramon Contreras, who was married, also lived in the same home. Leandro owned a 1950 Chevrolet automobile and Ramon owned a 1958 Chevrolet. On October 10, 1965, Leandro's car was being repaired and, while Ramon was absent, Leandro took the keys to Ramon's automobile from the top of a television set, where they had been left by Ramon, and drove Ramon's automobile to Poteet about six o'clock in the evening. He drove around town for a while and thereafter went to a dance in San Antonio with two of his friends at a bar or lounge located on the Laredo Highway. During the evening Leandro drank around "eight or nine" beers, and, thereafter, while driving home to Poteet was involved in the accident with Vidaurri.

Some time prior to the accident, Leandro had been arrested and his license suspended for driving while intoxicated. As a result thereof it was necessary for him to furnish proof of financial responsibility under the provision of Art. 6701h, Vernon's Ann. Civ.St. He thereafter obtained a policy of insurance from Maryland Casualty Company under the assigned risk plan. Such policy was a standard family automobile policy and contained the usual provisions and exclusions. The applicable provisions of such policy may be summarized as follows: (a) Leandro C. Contreras was the named insured; (b) such policy covers bodily injury liability and property damage liability, within policy limits, arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, as therein defined; (c) the owned automobile is described as a 1950 Chevrolet, 2 Door Sedan; (d) an owned automobile is defined as including a temporary substitute automobile; (e) a temporary substitute automobile is defined as an automobile not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

■ Appellants assert, by their first point of error, that the policy of insurance by virtue of being a certified or absolute policy under the Texas Safety Responsibility Law (Art. 6701h, Vernon's Ann.Civ. St.) does not permit the appellee to avoid coverage,[1] and rely chiefly on Lumbermens Mutual Ins. Co. v. Grayson, 422 S.W. 2d 755 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.), and Phoenix Indemnity Co.

---

1. Art. 6701h, Sec. 21(f) 1. "The liability of the insurance company with respect to the insurance required by this Act shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy; * * *."

v. Conwell, 94 N.H. 146, 47 A.2d 827, 1 A.L.R.2d 819 (1946), in support of that contention.

In *Lumbermens* the Court stated that liability policies required by the Safety Responsibility Act are absolute and are not subject to defenses that the insured breached provisions of the policy. That case involved a breach of a policy provision, after an accident, the insured having failed to notify and forward the suit papers to the insurance company as required by the policy. It is appellee's contention, and we agree, that the case here on appeal is distinguishable from *Lumbermens* in that it does not involve a breach of a policy provision, but involves a question of whether the insured had any coverage as to such accident, due to the policy provision providing coverage of a temporary substitute automobile only when the operation of such automobile is with the permission of the owner. An exclusion is not something forbidden or required, it is simply a limit of coverage.

In Phoenix Indemnity Co. v. Conwell the Supreme Court of New Hampshire held that under the New Hampshire statute a policy could not be avoided by reason of any violations, exclusions, or other limitations as to coverage as long as the liability policy was in force and effect. The New Hampshire statute differs from the Texas Safety Responsibility Act in that the New Hampshire statute contains a provision that no violations of exclusions, conditions, other terms or language contained in the policy, and no unauthorized use or unlawful use of the vehicle shall operate to defeat or avoid the policy so as to bar recovery for accidents within limits of liability. The Texas statute does not contain this provision.

Appellants' contention that this type of policy, being a certified policy under the statute, is absolute and cannot be contested on any grounds has been decided adversely to their contention in State Farm Mutual Automobile Ins. Co. v. Chatham, 318 S.W.

2d 684 (Tex.Civ.App.—Dallas 1958, no writ), and Swinney v. Pioneer Casualty Co., 348 S.W.2d 462 (Tex.Civ.App.—Dallas 1961, no writ). See also 7 Am.Jur., Automobile Insurance, § 7, at pp. 301–302, where several illustrations are given of activities not covered by policies issued pursuant to financial responsibility laws. Appellants' Point of Error No. 1 is overruled.

Appellants' second point of error is that the trial court erred in failing to hold that Leandro C. Contreras was operating his brother's automobile with his permission at the time of said accident.

Leandro's permission to use his brother's car was very limited and restricted. The only testimony relating thereto is in the deposition of Leandro C. Contreras and in the deposition of Ramon Contreras. Leandro testified that prior to October 10, 1965, he had used his brother's car when his brother loaned it to him and when Ramon gave him permission; that he would get it now and then when Ramon loaned it to him; that he always had to have Ramon's permission to use the car, and that Ramon would sometimes let him use it for business, to ride around in town and to bring groceries. He further testified that Ramon told him not to take the car when he went out drinking, and not to use it to go to bars. Ramon Contreras testified that Leandro could use the car for business and about the home and for errands, that Leandro could use it to take his mother in it; that he did not want Leandro to drive his car while he was drinking; that at other times before October 10, 1965, Leandro would come to him and ask him for permission to use the car, and that prior to October 10 he had never just come in and gotten the keys and left without his permission. It is undisputed that Leandro was not given express permission to use Ramon's car on the day of the accident— Leandro testified that he had not asked permission to use the car on such date because Ramon was not there, and Ramon testified that he was not home when Leandro took his car, and that he did not give

Leandro permission to use his car that night.

A somewhat analogous case involving permission is Royal Indemnity Company v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343 (Tex.Sup.1966). A 1961 pickup truck owned by a rancher named Herring and driven by his employee, Landers, ran into and damaged a building owned by the plaintiff, H. E. Abbott & Sons, Inc. This truck was covered by a liability insurance policy issued by Royalty Indemnity Company to Herring, and such policy contained an omnibus clause extending the coverage to anyone using the vehicle with the permission of the named insured. Landers was employed as a ranch hand on the Herring ranch and lived on the ranch. Herring owned three vehicles: a 1955 pickup truck which was used only on the ranch, the 1961 pickup truck, and a passenger car. Landers ordinarily used the 1955 pickup and Herring, the 1961 pickup, but Landers was authorized to use the 1961 pickup to perform his duties on the ranch if Herring was not using it and the 1955 pickup was being repaired. The keys were ordinarily left in both vehicles. On three or four occasions prior to the accident, Landers had driven one of the vehicles off the ranch to pick up Herring's children at a school bus stop about five miles from the ranch house, part of which distance was over a private road and part over a public highway. On each of these occasions Landers was instructed by Herring to pick up the children. Herring had never told Landers not to use the vehicles off the ranch. On a Saturday evening, about 7:30, during the absence of Herring and his family, Landers left the ranch in the 1961 pickup and drove to San Angelo on a personal errand, and it was on this trip that the accident occurred. The jury found that Landers was operating the truck with Herring's implied permission and judgment was rendered on the verdict in plaintiff's favor. The Court of Civil Appeals affirmed, 392 S.W.2d 359. The Supreme Court reversed, and rendered judgment that plaintiff take nothing, holding that there was no evidence to support the jury's finding.

Appellants assert that if there was no express permission granted, in any event, implied permission may be inferred in this case from the facts and circumstances which surround the usage of the car at the time of the accident. We do not see how there can be any implied permission for a use which both Leandro and Ramon testified was prohibited. The vehicle must be used for a purpose reasonably within the purpose and limits intended by the parties. See Aetna Insurance Co. v. Weatherford, 370 S.W.2d 100 (Tex.Civ.App.—San Antonio 1963), affirmed 385 S.W.2d 381 (Tex. Sup.1964); Olgin v. Employers Mut. Casualty Co., 228 S.W.2d 552 (Tex.Civ.App.— San Antonio 1950, writ ref'd n. r. e); Appleman, Insurance Law and Practice, § 4367. Under the undisputed record, Leandro C. Contreras did not have permission, either express or implied, to use Ramon's car at the place, at the time, under the circumstances, or for purposes existing at the time of the collision. Appellants' Point of Error No. 2 is overruled.

The judgment of the trial court is affirmed.