Harold W. KAHLA et ux., Appellants,

v.

TRAVELERS INSURANCE COMPANY, Appellee.

No. 661.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 12, 1972.

Rehearing Denied Aug. 2, 1972.

Russell T. Van Keuren, Matthew H. Talty, III, Baggett, Kirk, Van Keuren & Gordon, Houston, for appellants.

Frank E. Caton, Baker & Botts, Houston, for appellee.

BARRON, Justice.

This is an action brought by plaintiffs, Harold W. Kahla and wife, Julia W. Kahla, the latter being injured in a hit and run collision with a pickup truck alleged to have occurred on February 2, 1967. This suit was filed in the District Court of Harris County, Texas, on September 19, 1969. The owner of the involved pickup truck was James Edward Compton, but the truck was allegedly being operated at the time of the collision by Gary Warner. The Kahlas brought suit in 1967 in the District Court of Harris County, Texas in cause number 725,754 against James Edward Compton claiming personal injuries as a result of Mrs. Kahla's accident with the pickup truck owned by Compton. Later in that proceeding, Gary Warner was added as a party under allegations that Warner was the permissive operator of the truck at the time of the collision. A jury fee was deposited, and a jury was selected to try the prior case. At the conclusion of the evidence the trial court instructed a verdict for Compton and held that the Kahlas take nothing as against Compton and entered judgment against Warner and in favor of the Kahlas for $10,000.00. Although Warner had been served with citation, he filed no answer and none was filed for him. However the Kahlas presented their entire case to the court and jury. At the conclusion of the trial, the Kahlas moved for a severance, and separate judgments were entered with the Kahlas recovering a judgment against Warner in a cause designated number 725,754A. The above judgment against Warner was signed and entered on June 23, 1969.

During every stage of the trial court proceeding in cause number 725,754, the defendant Compton was defended by attorneys for the Travelers Insurance Company under its policy of liability insurance with Compton, which was a Texas Standard Form Automobile Policy with an omnibus clause, issued under the Texas Assigned Risk Plan to Compton as owner by virtue of the Safety Responsibility Law of Texas, Vernon's Tex.Rev.Civ.Stat.Ann. art. 6701h (1969). The foregoing is generally proven and is not controverted by any party, but on the other hand it is assumed by Travelers to be true and is so admitted in Travelers' brief.

No effort was made by Travelers to defend Warner, and no objection was made to the judgment entered against him. Travelers relied throughout that trial upon a non-waiver agreement it had taken from Warner prior to the suit. The non-waiver agreement was signed by Gary Warner in favor of Travelers "Indemnity" Company

on March 21, 1967, a short time after the accident above mentioned, and was in the usual form. In the Kahlas' trial pleadings in the suit against Compton and Warner (of which Travelers had notice) it was clearly alleged that "the Defendant Warner was acting within the course and scope of his employment for the Defendant Compton on the occasion in question and/or *with his permission,* and/or on a joint venture . . .". (Emphasis added) Nevertheless, Travelers refused to defend Warner at the trial, though it was clearly alleged that Warner was an omnibus insured under the assigned risk policy of insurance above referred to, and Travelers knew the facts by reason of its defense of Compton in this suit and for other reasons.

The instant case was brought by the Kahlas against Travelers directly under Travelers' policy of insurance in which Warner was alleged to be the omnibus insured. After a hearing without a jury, the trial court rendered judgment in favor of Travelers and ordered that the Kahlas take nothing. The Kahlas have appealed as appellants, and The Travelers Insurance Company is appellee. The parties will hereafter usually be so designated.

Contention is made by appellants that there is no evidence and insufficient evidence to support the judgment of the trial court; that the exclusions from coverage claimed by Travelers were not pleaded under Rule 94, Tex.R.Civ.P.; and that the trial court erred in excluding from evidence the deposition of Compton in the prior case and in overruling appellants' bill of exceptions based thereon.

█ At the outset, we believe the judgment against Gary Warner is perfectly valid. All evidence was presented to the court and the jury on the issues as to both Warner and Compton, motion for instructed verdict was granted in favor of Compton, and after the cases were severed by the trial court, judgment was entered against Warner. We have no statement of facts in such prior case, and we presume

the regularity of the judgments under these circumstances. However, a court is authorized to render judgment without submitting the case to the jury if the facts upon which the judgments are based are supported by undisputed evidence. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 384 (1945). We have no means of determining the state of that evidence, and we do not disturb the prior judgments, partiularly in view of the severance granted by the trial court. While the amended Rule 220, Tex.R.Civ.P., effective January 1, 1971, is not applicable here, the rule has been changed to provide that failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.

█ As stated above, the policy issued by Travelers to Compton was an assigned risk policy under the Texas Assigned Risk Plan. See Art. 6701h, Sec. 21(f) 1, Tex. Rev.Civ.Stat.Ann. (1969); and see McCarthy v. Insurance Company of Texas, 271 S.W.2d 836 (Tex.Civ.App.—San Antonio 1954, no writ). The above statutory provision reads in part as follows:

"1. The liability of the insurance company with respect to the insurance required by this Act shall *become absolute* whenever injury or damage covered by said motor vehicle liability policy occurs.; said *policy may not be canceled* or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf *and no violation of said policy* shall defeat or void said policy;" (Emphasis added).

The above provision governs the particular policy in the instant case. The statute eliminates any argument concerning unreasonable risks. This policy is not subject to the defenses that the insured breached provisions of the policy. Lumbermens Mutual Insurance Company v. Grayson, 422 S.W.2d 755 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.); Pan American Insurance Company v. Claunch, 398 S.W.2d 792

(Tex.Civ.App.—Amarillo 1965, no writ). As the statute says, the policy becomes absolute when injury occurs.

■ However, Travelers relies upon the assigned risk case of Vidaurri v. Maryland Casualty Company, 444 S.W.2d 767 (Tex. Civ.App.—San Antonio 1969, writ ref'd n. r. e.), which holds, inter alia, that an insurer can contest liability to an insured on the contention that the alleged assigned risk insured driver was driving without the named insured owner's permission at the time of the accident, on the ground that no coverage exists in such a situation. In such case, the driver was using an alleged substitute vehicle without permission of the owner. We find, however, in this case that permission was given by Compton to Warner at all material times. Compton and Warner were partners in the meat business known as C and W Meat Company, meat distributors. See Royal Indemnity Company v. H. E. Abbott & Sons, Inc., 399 S.W. 2d 343 (Tex.Sup.1966). In answers to interrogatories requested by appellants in the prior case and which were filed and signed by the identical attorney representing the identical party as in the present case, James Edward Compton, the named insured owner of the pickup truck stated under oath that Gary Warner had been given permission by him to use the pickup truck on the occasion made the basis of the suit, and Compton assumed that Warner was driving it. The truck was being driven for Warner's pleasure. We believe that such answers to interrogatories in this case are competent evidence herein, since appellee's counsel stated that he had no objection to the evidence at the time it was admitted. While we recognize that the

matter of permission was immaterial to the judgment in favor of appellants against Warner and did not work an estoppel against appellee to deny permission in the present case, Employers Mutual Casualty Company v. Lee, 352 S.W.2d 155, 157–158 (Tex.Civ.App.—Houston 1961, no writ), we believe that Compton's statements are admissible under the circumstances in the present case regardless of the restrictions placed on them ordinarily under Rule 168, Tex.R.Civ.P., particularly in view of a virtual agreement as to admissibility.[1]

■ A default judgment against an insured is no defense to an action on a policy of the type involved here. Art. 6701h, supra; 8 Appleman, Insurance Law and Practice sec. 4854, p. 267 (1961). And see Pioneer Casualty Company v. Jefferson, 456 S.W.2d 410 (Tex.Civ.App.—Houston (14th Dist.) 1970, writ ref'd n. r. e.). Appellee well knew of Warner's involvement before March 21, 1967. Besides, the judgment should not under the circumstances have been by default, though it was shown that full proof of their cause of action was made by appellants. Under the pleadings of appellants in the first suit, the appellee clearly had the duty under its policy contract to defend Warner as an omnibus insured under the allegations of the petition and under the provisions of its contract. The above is true even though such suit may have been groundless, false or fraudulent. 7A Appleman, Insurance Law and Practice secs. 4682, 4683, p. 428 (1961); Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex.Sup. 1965); Maryland Casualty Co. v. Moritz, 138 S.W.2d 1095 (Tex.Civ.App.—Austin 1940, writ ref'd). Appellee's refusal to

---

1. Depositions of Compton in the earlier suit were offered by appellants which showed that Compton and Warner were partners; that Warner had a set of keys to the truck; and had blanket permission to use the vehicle whenever he desired. The trial court denied admission of such testimony on grounds that the depositions were taken in another suit. While we do not pass upon the question, it seems that in view of only technical dissimilarity of

parties and causes of action under the circumstances here, such statements by Compton should have been admitted, or at least we can think of no sound reason ordinarily for denial of such evidence, except that Compton's availability as a witness was not shown. See 3 Jones, The Law of Evidence sec. 712 (5th ed. 1958); 1 C. McCormick and R. Ray, Texas Evidence secs. 953, 1121 et seq. (2d ed. 1956).

defend the suit against Warner under the circumstances, considering the assigned risk policy involved, was improper, and Travelers was not aided by the non-waiver agreement. This is not a question of waiver but one of affirmative duty under the contract. When a clear duty is breached in this manner, the insurer should be held under the rule that where the insurer conducts (or ought to conduct) the insured's defense in a suit for damages, the insurer is bound by material issues determined or impliedly determined therein. See Massachusetts Bonding & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d 396, 400 (Tex.Sup.1967).

▮ Permission to operate the vehicle by the named insured lies at the foundation of appellant's right to recover under the policy in the instant suit. 7 Appleman, Insurance Law and Practice sec. 4354, p. 244 (1962). If established, protection then vests in the additional or omnibus insured, Warner, to the same extent as if Warner were the named insured who had been driving. Considering the nature of the evidence and the circumstances of this case, we believe that appellants have fully discharged their duty and burden of proof. All material issues in the Warner judgment are settled against appellee. Long v. Wortham, 4 Tex. 381 (1849). This includes the identity of the operator at the time, as alleged in the first suit.

▮ Moreover, appellee did not plead lack of coverage under the policy on the part of the omnibus insured, Warner, as we believe should be required under Rule 94, Tex.R.Civ.P. (See Opinion of Subcommittee, Actions on Insurance Contracts). Under the circumstances, the defense of policy coverage was lost to appellee, as was the defense of any limitation thereon, as well as defenses under Art. 6701h. See National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, 1091 (1940).

We think the case of T. I. M. E., Inc. v. Maryland Casualty Company, 157 Tex. 121, 300 S.W.2d 68, 72–73 (Tex.Sup.1957), in effect requires the application of Rule 94 here. See also First National Bank in Dallas v. Zimmerman, 442 S.W.2d 674, 676–677 (Tex.Sup.1969); Manhatten Fire & Marine Insurance Co. v. Melton, 329 S.W.2d 338, 341 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.); 32 Tex.Jur. 2d sec. 515, Insurance, p. 753 (1962). In the absence of permission of the named insured, the exception to liability is just as true and real as if the form of the policy had made it so by a numbered and specific exception. The salutary requirements of Rule 94 are of doubtful value if they are to be dependent upon the form of the policy and if the rule is riddled with exceptions or doubtful logic created by judicial construction. See T. I. M. E., supra, 300 S.W.2d p. 73. Simple allegations of the plaintiff should not change the basic requirements of the rule. A plaintiff claiming rights under a policy of insurance is fully entitled to definite pleadings and specific information upon which the insurance company relies to defeat the liability under its policy.

Under the circumstances, we see no possible benefit to appellee by a remand of this case.

The judgment of the trial court is reversed and is here rendered in favor of appellants, Harold W. Kahla and Julia W. Kahla.