Augustina **TRISTAN**, Appellant,

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.**

No. 15132.

Court of Civil Appeals of Texas, San Antonio.

Dec. 27, 1972.

Rehearing Denied Jan. 24, 1973.

Rice & Seely and Steven H. Walsh, San Antonio, for appellant.

Alfred W. Offer, Johnson, Offer & Simcock, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, Augustina Tristan, individually and as next friend of her minor son, Antonio Tristan, has perfected an appeal from a judgment declaring that a family automobile policy issued by appellee to Charles White, Sr., provides no coverage for Michael Pierre Major or Charles White, Jr. in connection with an accident which occurred on July 19, 1969, when White's pickup truck, which was being operated by Major with the permission of Charles White, Jr., struck a bicycle operated by Antonio. Neither Charles White, Jr., hereinafter sometimes referred to as Chuck, nor Major, perfected an appeal from said judgment.

The jury found substantially as follows: (1) that prior to leaving on vacation, Charles White, Sr. did instruct his son not to permit Major to drive the pickup truck; (2) that at the time and on the occasion in question, White, Sr. did grant implied permission for Major to operate the truck; (3) that prior to leaving on vacation, White, Sr. did instruct his son not to use the truck for any purpose other than going to and from his residence and place of employment; (4) that the use of the truck by White, Jr. at the time of the accident in question was contrary to such instructions; and (5) that at the time of the accident in question, White, Jr. did have implied permission of White, Sr. to use the pickup truck for uses other than transportation to and from his employment. The trial court granted appellee's motion for judgment non obstante veredicto, whereby it set aside and disregarded the jury findings to Questions Nos. 2 and 5.

On July 12, 1969, White, his wife, and two small children left for a week's vacation in California. Chuck, who was then 21 years of age, had a job, as did his 20-year-old sister, Brenda, and they remained in San Antonio. Chuck worked about two miles south of the White home and was customarily taken to and from work by Mrs. White, since he did not then own a car. The clear, direct, and uncontradicted testimony of White, his wife, Brenda, and Chuck was that Chuck was expressly instructed by White to use the pickup truck only in going to and from work. He was specifically told not to let Major drive the pickup or even to associate with him. The reason for the latter instruction was that Major and Chuck were formerly school friends; and about a year previously, Major was driving Chuck's car when it was wrecked. Also, the parents believed that Major was a bad influence on Chuck. The limitation on Major's use was confirmed in part by Major, who testified that White had once caught Major driving Chuck's car

and told Major not to drive Chuck's car again.

The record shows that on the afternoon of July 19, Chuck took the pickup and, while at a poolhall, met Major, whom he had not seen in some time. The two started visiting various poolhalls, during which time Chuck became sleepy and permitted Major to drive the pickup. The accident occurred about 8:30 p.m., some ten miles from the White home. It is not clear what the pair were doing in this area, but it had nothing to do with Chuck's employment.

Appellant makes no complaint of the jury findings that White expressly instructed his son to use the truck only in going to and from work, and not to permit Major to drive same, or of the finding that the truck was being used contrary to such instructions at the time of the accident. She urges, however, that the trial court erred in granting appellee's motion for judgment non obstante veredicto, and in disregarding the findings to Questions Nos. 2 and 5. Thus, while appellant does not challenge the findings that there was no express permission for Major to use the truck at the time and place where the accident occurred, she urges that the facts and circumstances will support the findings that Major had the implied permission of White to do so.

■ In Royal Indemnity Company v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343 (Tex.1966), the Supreme Court recognized that under a standard omnibus clause of an automobile liability policy, as involved in this case, an operator such as Major, is entitled to protection as an additional insured if his use of the vehicle is with either the express or implied permission of the named insured. While express permission must be affirmatively stated, implied permission may be inferred from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent. See also 7 Appleman, Insurance Law and Practice, § 4365.

Although obviously there may be implied permission without express permission, the question before us is whether there may be an implied permission in the face of express instructions to the contrary; and if so, is there evidence to raise such an issue here.

■ The general rule is that a second permittee using the automobile solely for his own purposes is not entitled to protection under the omnibus clause where the named insured expressly prohibited the initial permittee from allowing other persons to use or operate the car. See 4 A.L.R.3d 10, 61. In adopting the majority rule, Justice Wilson of the Waco Court of Civil Appeals in Indiana Lumbermen's Mutual Insurance Co. v. Hartford Accident & Indemnity Co., 454 S.W.2d 781, 784 (1970, writ ref'd n.r.e.), said: "In our opinion, however, it is incongruous to first recognize that the named insured has expressly forbidden the original permittee to extend permission to another, and then proceed to hold he has given implied consent under these circumstances. The decisions which appear to represent the majority rule denying coverage in the present situation are based on what we regard as the better reasoning, and we follow them." See also Travelers Indemnity Co. v. Employers Casualty Company, 474 S.W.2d 501 (Tex.Civ. App., Waco 1971, no writ); Vidaurri v. Maryland Casualty Co., 444 S.W.2d 767 (Tex.Civ.App., San Antonio 1969, writ ref'd n.r.e.); Phoenix Insurance Co. v. Allstate Insurance Co., 412 S.W.2d 331 (Tex.Civ.App., Corpus Christi 1967, no writ); Globe Indemnity Co. v. French, 382 S.W.2d 771 (Tex.Civ.App., Amarillo 1964, writ ref'd n.r.e.).

■ Irrespective of whether there may be an implied permission contrary to express instructions, the facts and circumstances in this case are insufficient to raise an issue of implied permission. The evidence established that Chuck had been granted very little discretion in his prior use of the pickup truck. Since the wreck

of Chuck's own car, his parents kept tight control over his use of their vehicle. On this occasion, the keys to the truck were not even given to him until just before he went to work on the Monday after the parents' departure on Saturday. Both Chuck and Major had been admonished and warned against permitting Major to use Chuck's car when White had observed such use on a prior occasion. Certainly nothing in this record will demonstrate a mutual acquiescence or lack of objection to such a practice, so as to signify consent to Major's use on this occasion. Royal Indemnity Company v. H. E. Abbott & Sons, Inc., supra.

Appellant points to the fact that Chuck had been involved with the use of drugs sometime previously, had an altercation with his father in June, 1969, and further, had poor visibility in one eye as supporting the finding of implied permission. These are matters that bear on the issue of negligent entrustment which is not before us in this case. Such evidence does not raise an issue of implied permission.

The judgment is affirmed.