## NORTH RIVER INSURANCE COMPANY, Appellant,

v.

## Darrell Wayne GURNEY, Appellee.

### No. 8449.

Court of Civil Appeals of Texas, Beaumont.

July 10, 1980.

Rehearing Denied Aug. 14, 1980.

Lawrence Louis Germer, Beaumont, for appellant.

Daniel Flatten Beaumont, Wayne Peveto, Orange, for appellee.

DIES, Chief Justice.

North River Insurance Company, plaintiff below, sought a declaratory judgment that it had no duty to defend Darrell Gurney because of an accident involving a pickup owned by one Cecil Williams. The jury found against North River, and, from the adverse judgment which followed, North River brings this appeal.

Appellant's first six points all complain of the jury's answer to Special Issue No. 1 that Darrell Gurney's use of the truck was with the implied permission of Cecil Ray Williams, the insured.

The contentions of appellant are that there is no evidence to support this finding and that as a matter of law it was proved Darrell Gurney had no such permission.

In passing on these no evidence points, we may consider only the evidence and inferences therefrom which tend to support the verdict and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965).

The policy issued by appellant contained the standard language concerning members of the Williams' household and ". . . any other person using such automobile with the permission of the named insured . . . ."

On the occasion in question the insured's son, Brad, took the vehicle to Orange to pick up a chair for Brad's mother at the Sears store. He invited Darrell Gurney to accompany him in the Williams' pickup.

The evidence shows a closeness of the Williams and Gurney families and the two boys. They shared numerous interests and activities exchanging books, records, guns, and other things, and Darrell had helped Brad in the Wiiliams' family store. Brad's father placed no express limitations on Brad's use of the pickup, but Darrell had never driven the pickup before, and there is evidence if Brad had asked for such permission it would have been denied.

The boys went to the Sears loading dock, and Brad parked the truck on the down ramp. They then loaded the chair into the back of the pickup. As they were to enter the cab, Brad was called back to the loading dock by a Sears' employee. Darrell got into the truck, turned on the ignition to start the motor so the engine would be running when Brad returned. Darrell had no intention to drive the truck. However, the truck had a standard transmission, was in reverse gear, went backwards down the incline, and very seriously injured one Bennie Fusilier.

The insured admitted the question of his son's permission to let others or Darrell to start the pickup had just never been discussed.

In *Royal Indemnity Company v. H. E. Abbott & Sons, Inc.*, 399 S.W.2d 343, 345 (Tex. 1966), our Supreme Court wrote:

"While express permission must be affirmatively stated, implied permission may be inferred from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent. It is usually shown by usage and practice of the parties over a period of time preceding the occasion on which the automobile was being used."

See *Government Employees Insurance Company v. Edelman*, 524 S.W.2d 546 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r.e.). See also, *Hartford Accident and Indemnity Corporation v. Lowery*, 490 S.W.2d 935, 938 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.), wherein this court, quoting from 7 Am.Jur.2d *Automobile Insurance* § 117 (1963) wrote:

"' "The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where . . . (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use' of the first permittee and that such 'use' is within the coverage of the omnibus clause . . . ."'"

Appellant freely admitted at oral argument that Darrell had implied authority to assist in loading the chair in the pickup, lower the tail gate and windows. We believe he also had implied authority to "start" the pickup. These points are overruled.

Appellant has points complaining of the court's refusal to give certain instructions; and complaining of some of the instructions he gave. We find these points either without merit or not reversible error. *Tex.R. Civ.P. 434*; see *Union Oil Company of California v. Richard*, 536 S.W.2d 955 (Tex.Civ. App.—Beaumont 1975, no writ).

Commercial Union Assurance Company provided liability insurance coverage to Larry Gurney, the father of Darrell Gurney. That company intervened in the declaratory judgment action filed by appellant, but prior to presentation of the charge to the jury stipulated coverage. The trial court held that appellant shall provide primary coverage and Commercial Union shall provide secondary coverage, of which holding appellant complains. Appellee's policy was admitted in evidence. The policy provides that North River will be obligated to pay damages out of "use" of the owned automobile. The jury verdict was that Darrell was "a person insured" with respect to the "owned automobile." In this situation coverage on the "owned automobile" is primary. *Snyder v. Allstate Insurance Company*, 485 S.W.2d 769 (Tex. 1972).

The judgment of the trial court is affirmed.

Affirmed.

CLAYTON, J., not participating.